**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| DARLENE SANTIAGO-DOTSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 24-2124-HLT-ADM |
| ) | |
| THE UNIVERSITY OF KANSAS ) | |
| d/b/a THE UNIVERSITY OF ) | |
| KANSAS MEDICAL CENTER, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the court on defendant The University of Kansas d/b/a The University of Kansas Medical Center's ("KUMC") Motion to Strike Portions of Plaintiff's Second Amended Complaint. (ECF 16.) By way of this motion, KUMC asks the court to strike paragraphs 58-65 from plaintiff Darlene Santiago-Dotson's ("Plaintiff") complaint because those paragraphs disclose attorney-client privileged information and such disclosure in a public record "is impertinent and prejudicial." (*Id*. at 1.) Plaintiff opposes the motion. For the reasons explained below, the court denies the motion because KUMC has not met its burden to show that striking these paragraphs is warranted under Rule 12(f).[1]

**I.   BACKGROUND**

Plaintiff's second amended complaint alleges three counts against KUMC. Counts I and II allege that Plaintiff was subjected to unlawful discrimination and retaliation prohibited by Title

---

[1] In contravention of D. KAN. RULE 6.1(d)(4) and 7.1(d)(3), KUMC filed a reply that is several pages over the five-page limit and seven days past the deadline. As a result, the court is not obligated to consider the arguments in the reply, but even considering them, the court still finds that the motion to strike should be denied for the reasons set forth herein.

1

VII when KUMC suspended her and terminated her employment.  In Count III, Plaintiff alleges she was wrongfully terminated in violation of public policy for whistleblowing.

Plaintiff filed her original complaint on April 2 and an amended complaint as a matter of right on May 2. (ECF 1, 3.)  She filed a second amended complaint on August 6 (with written consent of KUMC's counsel) but sought to withdraw it the same day when her counsel realized he had miscalculated the period by which Plaintiff's Notice of Claim is deemed denied under Kan. Stat. Ann. § 12-105b(d).  The court granted the motion to withdraw and directed the clerk to strike the filing from the record.  (ECF 7-9.)  On September 4, upon expiration of the notice period under Kan. Stat. Ann. § 12-105b(d), Plaintiff filed the operative Second Amended Complaint, again with the written consent of KUMC's counsel.  (ECF 12, at 1, n.1.)  On September 18, KUMC filed the current motion to strike allegedly privileged portions of the Second Amended Complaint, as well as KUMC's answer to the Second Amended Complaint.  (ECF 16, 17.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) permits the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Motions to strike "are a generally disfavored, drastic remedy."  *Home Quest Mortg., L.L.C. v. Am. Fam. Mut. Ins. Co.*, 393 F. Supp. 2d 1096, 1099 (D. Kan. 2005).  "The court will usually deny a motion to strike unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."  *Nwakpuda v. Falley's, Inc.*, 14 F. Supp. 2d 1213, 1215 (D. Kan. 1998).  The court should resolve "[a]ny doubt as to the utility of the material to be stricken . . . against the motion to strike."  *Rubio ex rel. Z.R. v. Turner Unified Sch. Dist. No. 202*, 475 F. Supp. 2d 1092, 1101 (D. Kan. 2007).  "[T]he decision to grant a motion to strike is within the discretion of the court."  *Stubbs v. McDonald's Corp.*, 224 F.R.D. 668, 676 (D. Kan. 2004).

### III. ANALYSIS

KUMC asks the court to strike paragraphs 58-65 from Plaintiff's Second Amended Complaint as immaterial or impertinent because those paragraphs disclose attorney-client privileged information. (ECF 16, at 4 (citing cases); ECF 27, at 3.) Immaterial matter is "that which has no essential or important relationship to the claim for relief, or a statement of unnecessary particulars in connection with that which is material." *Baxter v. Cent. RV, Inc.*, No. 19-2179-CM-TJJ, 2019 WL 2423344, at *2 (D. Kan. June 10, 2019). Courts examine the relevance of allegations to determine if they are immaterial. *Jenkins v. City of Las Vegas*, 333 F.R.D. 544, 548 (D.N.M. 2019) ("Courts in this Circuit treat this as a relevance inquiry."). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Baxter*, 2019 WL 2423344, at *2 (quotation omitted). "[I]mmaterial and impertinent matters often overlap considerably." *Jenkins*, 333 F.R.D. at 548 (quotation omitted).

### 1. KUMC Has Not Shown The Paragraphs Contain Privileged Information.

The court first turns to the question of whether KUMC has shown that these paragraphs in the Second Amended Complaint divulge privileged communications. To support KUMC's position that the information is protected by the attorney-client privilege, it provided an affidavit from Kelly M. Nash, Senior Associate General Counsel in the Office of the General Counsel for the University of Kansas.[2] (ECF 16-1.) The affidavit states that Nash attended meetings on August 10 and 15, 2022, "to provide legal advice regarding the personnel situation of Don Holland, a

---

[2] Plaintiff objects that the affidavit attached to KUMC's motion to strike is improper and the court must disregard it. (ECF 20, at 6.) But none of Plaintiff's cases address a motion to strike privileged communications, which is a different inquiry from motions to strike affirmative defenses (requiring an examination of the legal sufficiency of those defenses) and motions to strike statements made during settlement negotiations. And, as KUMC points out, courts in this district have allowed parties to attach exhibits and declarations. (ECF 27, at 2-4.)

Captain employed by KUMC." (*Id*. ¶¶ 5, 8.)  According to the affidavit, during the meetings, "the employees in attendance made confidential communications to [Nash] regarding Holland's personnel situation to obtain legal advice, which I provided." (*Id*. ¶¶ 6, 9.)  KUMC argues that, because Plaintiff's job responsibilities involved investigating unlawful practices (and, here, she was investigating unlawful practices of an employee within Plaintiff's chain of command), "any communications made during a private meeting between her (or other employees) and the Office of General Counsel for the purpose of conveying legal advice are protected" by KUMC's institutional attorney-client privilege.  (ECF 16, at 5.)  KUMC further points out that it is the holder of the privilege and has not waived it.  (ECF 16, at 1, 6-7.)

In response, Plaintiff argues that the allegations KUMC seeks to strike from the Second Amended Complaint never mention legal advice sought or given during the meeting, and the complaint never attributes any statements to in-house counsel.  Plaintiff argues that "the only advice or instruction in paragraphs 58 through 65 . . . was from Plaintiff's supervisors, neither of whom is an attorney."  (ECF 20, at 7.)  Plaintiff says the complaint omits Nash's presence at the meetings "because (1) she did not make any substantive statements related to her opinions, apart from parroting something that was already stated by [attendee] Chari Young; and (2) her presence was immaterial to the allegations."  (*Id.* at 7 & n.3.)

KUMC's reply argues that attorney-client privilege is not limited to communications containing legal advice or opinions; it extends to both "the information conveyed to Ms. Nash for advice during these meetings *and* any legal advice she provided in return." (ECF 27, at 5.)  KUMC contends that the discussions described in Paragraphs 58 through 65 thus "constitute communications made for the purpose of obtaining and rendering legal advice and are, therefore, privileged."  (ECF 27, at 6.)

Under federal common law,³ the attorney-client privilege protects "confidential communications by a client to an attorney made in order to obtain legal assistance from the attorney in his capacity as a legal advisor." *In re Grand Jury Proc.*, 616 F.3d 1172, 1182 (10th Cir. 2010) (internal quotations omitted); *see also Williams v. Sprint/United Mgmt. Co.*, No. 03-2200-JWL-DJW, 2006 WL 1867478, at *5 (D. Kan. July 1, 2006) ("Under federal common law, the essential elements of the attorney-client privilege are: (1) Where legal advice is sought (2) from a professional legal advisor in his or her capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except the protection be waived."). "A party claiming the attorney-client privilege must prove its applicability, which is narrowly construed." *United States v. Merida*, 828 F.3d 1203, 1209 (10th Cir. 2016); *see also In re Grand Jury Proc.*, 616 F.3d at 1183 (ruling that the party asserting attorney-client privilege bears the burden to establish that it applies).

Here, the parties disagree about whether the communications reflected in Paragraphs 58-65 were for the purpose of obtaining legal advice. On the one hand, KUMC contends the purpose of the meetings was to obtain and render legal advice regarding the personnel situation of Don

---

³ Where, as here, Plaintiff asserts both federal claims and state-law claims, the court must consider both federal and state law when deciding questions of attorney-client privilege. *Sprague v. Thorn Ams., Inc.*, 129 F.3d 1355, 1369 (10th Cir. 1997). "But when 'no real conflict between federal and Kansas law regarding the attorney-client privilege exists, whether the Court applies federal or Kansas law generally makes no difference in determining whether attorney-client privilege applies.'" *Klaassen v. Univ. of Kan. Sch. of Med.*, No. 13-2561-DDC-KGS, 2016 WL 6138169, at *3 (D. Kan. Oct. 21, 2016) (quoting *C.T. v. Liberal Sch. Dist. USD 480*, Nos. 06-2093-JWL, 06-2360-JWL, 06-2359-JWL, 2008 WL 217203, at *2 (D. Kan. Jan. 25, 2008) (internal modifications omitted)). The court will apply federal law here for clarity and because "no real conflict between federal and Kansas law regarding the attorney client privilege [exists]." *In re Motor Fuel Temp. Sales Pracs. Litig.*, No. 07-MD-1840-KHV, 2010 WL 11431875, at *2 (D. Kan. July 7, 2010).

Holland, as stated in Nash's affidavit.  (ECF 16, at 5; ECF 27, at 6.)  On the other hand, Plaintiff contends that her report of Holland's potential violation of laws and regulations during the meetings was for the purpose of "whistleblowing, an act for which she claims she was later terminated," not for the purpose of soliciting legal advice.  (ECF 20, at 7-8.)  The court notes that Nash's affidavit never specifically states that the legal advice she provided is reflected in Paragraphs 58-65, as opposed to legal advice she may have provided regarding other issues, and Plaintiff claims that Nash did nothing other than parrot another attendee's comments.

As the party asserting that attorney-client privilege, KUMC bears the burden to establish that it applies.  *United States v. Merida*, 828 F.3d 1203, 1209 (10th Cir. 2016); *see also In re Grand Jury Proc.*, 616 F.3d at 1183.  Based on the current record, given the parties' competing views, the court cannot tell the extent to which the communications in Paragraphs 58-65 are protected by the attorney-client privilege.  The court therefore finds that KUMC has not met its burden to show these paragraphs contain privileged information.  However, out of an abundance of caution, the court notes KUMC's objection to the disclosures in  these paragraphs, and KUMC will not be deemed to have waived privilege as to any attorney-client communications during the August 10 and 15 meetings.

### 2. KUMC Has Not Shown that Paragraphs 58-65 Are Immaterial or Impertinent.

Plaintiff contends that Paragraphs 58-65 reference communications by Plaintiff at the August 10 and 15 meetings in which she reported  her coworkers' violations of rules, regulations, and laws, and "for which she claims she was later terminated."  (ECF 20, at 8.)  She says these paragraphs are "crucial" to her case, specifically her retaliation claims that allege KUMC retaliated against her for her protected activity of whistleblowing.  KUMC  argues that, even if the meetings

at issue involve Plaintiff's protected activity, Plaintiff's communications at the meetings are not excepted from the attorney-client privilege.  (ECF 27, at 6-8.)

The court has already ruled that KUMC has not shown that the attorney-client privilege applies, so the court need not further address KUMC's argument.  The court finds that Paragraphs 58-65 are not immaterial or impertinent.  They are relevant to Plaintiff's allegations of retaliation by KUMC for her whistleblowing actions with regard to reporting her coworkers' violations of rules, regulations, and laws, and thus pertinent to the issues in question.  Therefore, the court will not strike them.  *See Nwakpuda*, 14 F. Supp. 2d at 1215 ("The court will usually deny a motion to strike unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.").

### 3. KUMC Has Not Shown that Paragraphs 58-65 Are Prejudicial.

Even if KUMC had shown immateriality or impertinence, the court does not find prejudice on the current record.[4]  *Kirby v. Broken Skull Trucking Inc.*, No. 21-1238-JWB-GEB, 2022 WL 392298, at *3 (D. Kan. Feb. 9, 2022) ("Most courts consider immateriality alone to be insufficient to trigger the drastic remedy of striking parts of a pleading; the allegation must also be prejudicial to the moving party." (internal quotations omitted)); *Dean v. Gillette*, No. 04-2100-JWL-DJW, 2004 WL 3202867, at *1 (D. Kan. June 8, 2004) (holding that immateriality or impertinence alone "is not enough to trigger the drastic remedy of striking parts of a pleading; the allegation must also be prejudicial to the defendant").  This District and most others require the moving party to show that the allegations are prejudicial in addition to the grounds set out in Rule 12(f).  *See Kirby*, 2022 WL 392298, at *3 (describing the prevailing view in the District as requiring a showing of

---

[4] Some courts have declined to require a moving party to show prejudice under Rule 12(f), noting the rule's plain language does not support such a requirement.  *See Jenkins*, 333 F.R.D. at 548.  Because courts in this District have generally considered prejudice on a motion to strike, the court does so here.

prejudice and citing cases); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (3d ed. Apr. 2022 update) (explaining that most courts require a showing of significant prejudice to one or more parties to the action). "Prejudice occurs when the challenged pleading or allegation confuses the issues or is so lengthy and complex that it places an undue burden on the responding party." *Dean v. Gillette*, No. 04-2100-JWL-DJW, 2004 WL 3202867, at *1 (D. Kan. June 8, 2004).

Even had KUMC shown the factual allegations in paragraphs 58-65 were immaterial or impertinent, KUMC does not argue—and the court does not find—that KUMC would be prejudiced if these paragraphs remain in the Second Amended Complaint. While KUMC emphasizes the importance of retaining the meaning and effect of the attorney-client privilege, it never states the prejudice that might result if the paragraphs are not stricken. The closest KUMC comes is a conclusory statement near the end of both her motion and her reply that "Plaintiff and her counsel ignored these protections to the detriment" of KUMC. This conclusory statement does not demonstrate prejudice. Moreover, the court has already ruled that KUMC will not be deemed to have waived attorney-client privilege with respect to any attorney-client communications during the August 10 and 15 meetings, so any prejudice to KUMC resulting from waiver has been ameliorated. In addition, the court does not find that these 8 paragraphs confuse the issues, and their inclusion in the Second Amended Complaint does not place an undue burden on KUMC. In sum, KUMC has not met its burden to show the paragraphs at issue are immaterial or impertinent, nor that it would suffer prejudice if the paragraphs were not stricken. *See Nwakpuda*, 14 F. Supp. 2d at 1215 ("The court will usually deny a motion to strike unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."). The court therefore denies KUMC's motion.

Nevertheless, out of an abundance of caution to ensure that the record is complete and that any communications KUMC may later show to be privileged remain protected, the court directs Plaintiff to file a redacted version of the Second Amended Complaint that redacts the allegedly privileged communications included in Paragraph 64 and the entirety of Paragraphs 58-63 and 65. Plaintiff is directed to do the same with respect to the original and first amended complaints. And KUMC is directed to do the same with respect to its answers to the first amended complaint and Second Amended Complaint. The parties are directed to contact the clerk's office to coordinate filing these documents in such a way that they replace the original filings in the public record, but the original filings are preserved under seal. Lastly, the court notes that its ruling concerning KUMC's claim of privilege on the current record does not foreclose its further assertion of attorney-client privilege as to these communications. If disputes arise regarding the scope of attorney-client privilege in the future, the court is open to evaluating any such attorney-client privilege claims on a more granular level on a more robust record. The court merely holds that KUMC has not met its burden at this procedural juncture to strike these Paragraphs from the record.

**IT IS THEREFORE ORDERED** that defendant KUMC's Motion to Strike Portions of Plaintiff's Second Amended Complaint (ECF 16) is denied.

**IT IS FURTHER ORDERED** that the parties file redacted versions of the pleadings as set forth above.

**IT IS SO ORDERED.**

Dated October 31, 2024, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge